SAM GLASSCOCK III
VICE CHANCELLOR

# COURT OF CHANCERY
## OF THE
# STATE OF DELAWARE

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: December 14, 2017
Date Decided: January 16, 2018

Thomas A. Uebler, Esquire
Kerry M. Porter, Esquire
Cooch and Taylor, P.A.
3711 Kennett Pike, Suite 100
Greenville, DE 19807

Michael F. Bonkowski, Esquire
Nicholas J. Brannick, Esquire
Cole Schotz P.C.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801

Re: *Daugherty v. Highland Capital Management*, Civil Action No. 2017-0488-SG

Dear Counsel:

This matter involves purported breaches of fiduciary duty and, via Count I of the Complaint, alleges a fraudulent transfer of funds to escape a Texas court judgment. Before me is a Motion to Dismiss those allegations. This Letter Opinion addresses only the Motion to Dismiss the fraudulent transfer claim in Count I. I have asked for supplemental briefing regarding the claims raised in the other counts of the Complaint, and will address the Motion to Dismiss those claims later, in the light of that briefing.

Briefly, according to Count I of the Complaint, the Plaintiff brought an action against various Defendants in Texas, alleging that they had purloined his interest in an entity, Defendant HERA. Thereafter, the Defendants caused another entity Defendant to deposit, perhaps as a "litigation reserve," an amount in escrow

sufficient to make the Plaintiff whole, should he prevail. HERA then represented to the Texas Court that the funds in escrow belonged to it, conditioned on a final judgment against HERA; should the Plaintiff obtain a verdict, the amount in escrow would, through HERA, then be available to the Plaintiff. Subsequently, the Plaintiff obtained a final judgment against HERA, but immediately thereafter, the Defendants caused the escrow agent to resign and return the funds to the other Defendants, leaving the Plaintiff unable to collect the judgment. Again, Count I alleges that the transfer of these funds from escrow, without value to HERA, was a fraudulent transfer. The Motion to Dismiss that claim is denied in part. My reasoning follows.

The Defendants have moved to dismiss the Complaint under Court of Chancery Rule 12(b)(6). When reviewing such a motion,

> (i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iv) dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.[1]

I need not, however, "accept conclusory allegations unsupported by specific facts or . . . draw unreasonable inferences in favor of the non-moving party."[2]

---

[1] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002) (footnotes and internal quotation marks omitted).

[2] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011).

This litigation, and the precedent Texas litigation, are complicated; what follow are only those facts alleged as necessary to understand my decision on the instant motion. Plaintiff Patrick Daugherty filed the Complaint on July 5, 2017. Defendants Highland Capital Management, L.P. ("Highland"), Highland Employee Retention Assets LLC ("HERA"), Highland ERA Management LLC ("HERA Management"), and James Dondero (collectively the "Defendants") moved to dismiss the Complaint on August 23, 2017. Daugherty was a partner and senior executive of Highland from 1998 until 2011, after which the parties engaged in litigation.[3] Highland is a registered investment advisor with nearly $15 billion of assets under management.[4] As part of his employment, Daugherty was an equity holder in HERA.[5]

According to the Plaintiff, a jury in Texas awarded him $2.6 million from HERA, with pre- and post-judgment interest, "as compensation for the diminution of value of Daugherty's units as a result of [HERA's] breach of the implied covenant of good faith and fair dealing."[6] The Texas court also struck language from the proposed judgment that would have extinguished the Plaintiff's interest in HERA.[7] HERA has not paid its judgment.[8] The Plaintiff alleges that Dondero, Highland, and

---

[3] Verified Compl. ("Compl.") ¶ 10.
[4] *Id.* ¶ 11.
[5] *Id.* ¶¶ 18–19.
[6] *Id.* ¶¶ 1–3.
[7] *Id.* ¶ 4.
[8] *Id.* ¶¶ 47–48.

3

HERA Management caused HERA to "fraudulently or otherwise wrongfully transfer its assets [through an escrow] to [Highland], which purportedly left [HERA] insolvent."[9] The Plaintiff seeks to have the Defendants return the transferred assets to HERA and satisfy his Texas judgment.[10]

Under HERA's operating agreement (the "Agreement"), any distribution from HERA to a member litigating against HERA or Highland may be "suspended and held in escrow by [HERA] until the final, non-appealable resolution of the Dispute."[11] The Plaintiff alleges that Highland placed Daugherty's HERA interests of approximately $3.1 million into escrow with Abrams & Bayliss LLP ("Abrams").[12] The Plaintiff alleges that, under both the Agreement and according to Dondero's testimony, the escrow should have been transferred to Daugherty in satisfaction of any final judgment in favor of Daugherty in Texas.[13] On December 1, 2016, an appellate court in Texas affirmed the trial court judgment.[14] On December 2, 2016, the Plaintiff contends that Abrams resigned as escrow agent and transferred $3.1 million in Escrow assets to Highland.[15] The Complaint incorporates a letter from Abrams to the Plaintiff explaining that Highland, which had placed the

---

[9] *Id.* ¶¶ 4–5, 24, 41–48.
[10] *Id.* ¶ 6.
[11] *Id.* ¶ 24.
[12] *Id.* ¶¶ 41–43.
[13] *Id.*
[14] *Id.* ¶ 49.
[15] *Id.* ¶¶ 51–52.

funds in escrow and for which Abrams acted as agent, had directed Abrams to return the funds to Highland, which it did.[16] The Complaint alleges in conclusory fashion that all Defendants "caused" the funds to be returned to Highland, but the facts indicate that only Highland effected the transfer.[17] Subsequent to the transfer, HERA filed an affidavit with the Texas court averring that it is insolvent.[18]

The Defendants first argue that Count I is barred by analogy to the four-year statute of limitations in 6 *Del. C.* § 1309, because this claim arose when the assets in question were transferred from HERA to Highland on April 30, 2013.[19] The claim in Count 1, however, accrued at the time of the transfer of funds from escrow in 2016, and laches by analogy to the statute is no bar. The Defendants also contend[20] that Count I is "barred by the doctrines of collateral estoppel and/or res judicata" due to the Texas rulings.[21] I have reserved consideration of the issue preclusion defenses pending supplemental briefing. I now turn to the Defendants' argument that the Plaintiff failed to properly plead a fraudulent transfer claim,[22] and Dondero's

---

[16] *Id.* ¶ 52.
[17] *Id.* ¶¶ 74–80.
[18] *Id.* ¶ 48.
[19] Mot. to Dismiss 2; Opening Br. in Supp. of Mot. to Dismiss 30; Reply Br. in Supp. of Mot. to Dismiss 3.
[20] Mot. to Dismiss 2; Opening Br. in Supp. of Mot. to Dismiss 18.
[21] The [**Nothing in this Letter Opinion should be construed to . . .
[22] Reply Br. in Supp. of Mot. to Dismiss 5–7.

assertion that Count I fails as to him because the Plaintiff "has not sufficiently pled allegations supporting a finding of alter ego as required."[23]

I find that there is a factual issue about whether HERA had a cognizable interest in the amount in escrow. At this stage, drawing all reasonable inferences in favor of the Plaintiff, I find that it is reasonably conceivable that HERA owned the amount in escrow once the Plaintiff's judgment against HERA became final; and that Highland caused HERA's escrowed asset to be transferred to Highland without value, leaving HERA insolvent, to defeat the Plaintiff as a creditor of HERA. This states a claim of fraudulent transfer.[24] The Motion to Dismiss Count I for failure to state a claim is denied.

Separately, Dondero seeks to be dismissed with regard to Count I, noting that all non-conclusory allegations indicate that the transfer of the escrow was accomplished by a corporate entity, Highland. The Plaintiff argues that, based on the facts pled, Highland ERA Management was a sham entity created or maintained to further a fraud, and that Dondero acted as Highland ERA Management's alter ago. The problem with this assertion is that nothing in Count I alleges that Higland ERA Management took any act with respect to removing the escrowed amount from HERA. The facts only reflect that Highland placed the funds in escrow, and that

[23] Mot. to Dismiss 2; Opening Br. in Supp. of Mot. to Dismiss 35; Reply Br. in Supp. of Mot. to Dismiss 8–9.
[24] 6 *Del. C.* §§ 1304–05.

Highland directed Abrams to return them. Assuming that the Plaintiff has sufficiently alleged that Highland ERA Management is the alter ego of Dondero, it nonetheless has failed to allege facts indicating liability on the part of that entity for fraudulent transfer. Accordingly, Dondero's Motion to be dismissed from Count I is granted.

At this pleading stage, I assume for purposes of this motion that HERA had a cognizable interest in the amount in escrow, that the interest was subject to a claim by Mr. Daugherty, and that once that claim was reduced to a judgment, the amount was transferred to insiders without value, leaving HERA insolvent, in a way that implicates the statute on fraudulent transfers.[25] Of course, these are factual allegations subject to proof in this litigation.

For those reasons, the Motion to Dismiss is denied as to Count I, but granted as to Dondero. To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[25] *Id.* §§ 1304–05, 1309.